UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Scott Christopher Dobbelaere (1), Aaron Raymond Dombovy (2), Marshall Michael Galbreath (3), Edward Gary Kearns (4), Jerry Lee Milliken (5), Mercedes Kay Milliken (6), Lisa Marie Musolf (7), James Lee Nelson (8), Lisa Christine Phillips (9), and Samuel Orlo Schafer (10),<br><br>Defendants. | Case No. 22-cr-186 (SRN/TNL)<br><br>**ORDER** |

This matter comes before the Court on the Government's Motion to Designate Case as Complex Under the Speedy Trial Act. (Mot., ECF No. 125.) The Government also requests that the Court extend all due dates in the current scheduling order by at least 30 days. (Mot. at 8.) Defendant Aaron Raymond Dombovy (2) also filed a Motion to Extend the Time to File Pretrial Motions. (ECF No. 132.)

**I. COMPLEX-CASE DESIGNATION**

This case charges all ten defendants with a single count of conspiracy to distribute methamphetamine. (Mot. ¶ 1.) In support of its motion to designate this case as complex, the Government states that the indictment "charges a successful and large-scale drug distribution operation," and "is the result of an investigation of a complex drug scheme operating from Mexico to Kansas/Missouri to Minnesota, which functioned for at least a

1

multi-month period." (Mot. ¶ 5.) The Government contends that discovery is voluminous, including thousands of pages of investigative materials relative to the overall investigation, a wide breadth of media containing audio recordings, video recordings, and other electronic surveillance, and other electronically stored data. (Mot. ¶ 7.)

In sum, the Government asserts that this case is complex because it "will require extensive document and evidence review and preparation such that it is nearly impossible to be amalgamated and organized (as necessary), and unreasonable to expect counsel to have adequate preparation for the pretrial motions hearing and for the trial, within the time limits of the Speedy Trial Act or the time limits presently scheduled." (Mot. ¶ 11.) The Government notes that it conferred with counsel for Defendants, and no defense counsel has objected to the motion or the continuance. (Mot. ¶ 13.) On September 2, 2022, the Court emailed the parties requesting that each defendant advise whether they have an objection to the motion by September 7, 2022. Through counsel, all Defendants other than Jerry Lee Milliken (5) responded that they have no objection to the Government's motion. As of the date of this Order, Mr. Milliken has not provided a position on the Government's motion.

The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), due to the large amount of discovery and the number of alleged criminal incidents, this case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. This case is therefore designated as complex under the Speedy Trial Act.

## II. EXTENSION OF DEADLINES

As stated above, the Government has also moved for a continuance of all deadlines by at least 30 days given the complexity of the case. (Mot. at 8.) The Government contends that it needs additional time "to provide fulsome and intelligent access to certain . . . materials to the defendants." (Mot. ¶ 9.) In addition, "even if complete disclosure could occur as currently scheduled, the defendants would have an incredibly limited opportunity to conduct a meaningful review for the purpose of filing motions and preparing for trial." (*Id.*) Again, all Defendants other than Jerry Lee Milliken (5) responded that they have no objection to the Government's motion. As of the date of this Order, Mr. Milliken has not provided his position on the Government's motion. Defendant Aaron Raymond Dombovy (2) also filed a Motion to Extend the Time to File Pretrial Motions, requesting that the motions filing date be extended at least 30 days. (ECF No. 132.)

The Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by granting such a continuance outweigh the best interests of the public and Defendants in a speedy trial and such continuance is necessary to provide the Government, Defendants, and the parties' respective attorneys reasonable time necessary for effective preparation and to make efficient use of the parties' resources.

Additionally, beginning on March 13, 2020, and continuing thereafter, the Chief District Judge for the United States District Court for the District of Minnesota has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among

other things, criminal proceedings and trials.[1]  On June 1, 2022, the Chief Judge entered General Order No. 36, which allows limited in-person proceedings for defendants who decline to consent to conducting the proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.  *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 36 (D. Minn. June 1, 2022).  General Order No. 36 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.

General Order No. 36 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.  General Order No. 36 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19.  **Accordingly, should Defendants file pretrial motions, Defendants shall also file a letter indicating whether Defendants consent to a motions hearing by videoconference.**  (*See also* ECF No. 116.)

### III. ORDER

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

1. The Government's Motion to Designate Case as Complex Under the Speedy Trial Act (ECF No. 125) is **GRANTED**.

2. This case is designated as "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii).

3. Defendant Aaron Raymond Dombovy's (2) Motion to Extend the Time to File Pretrial Motions (ECF No. 132) is **GRANTED**.

4. The period of time from **August 30, 2022, through November 14, 2022**, shall be excluded from Speedy Trial Act computations in this case. *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same).

5. The government must make all disclosures required by Federal Rule of Criminal Procedure 16(a) by **October 3, 2022**. D. Minn. LR 12.1(a)(1). In order to avoid the need for a recess of the motions hearing, the government is requested to make, by **October 3, 2022**, all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h).

6. Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and orders the United States to do so. Failure to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

7. Defendant must make all disclosures required by Federal Rule of Criminal Procedure 16(b) by **October 11, 2022**. D. Minn. LR 12.1(a)(2).

8. All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **October 18, 2022**. D. Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Leung.

9. **Should a defendant file pretrial motions, counsel shall also file a letter on or before October 18, 2022, indicating whether that defendant consents to a motions hearing by videoconference**. *See, e.g.,* ECF No. 116.

10. Counsel shall electronically file a letter on or before **October 18, 2022**, if no motions will be filed and there is no need for hearing.

11. All responses to motions shall be filed by **November 1, 2022**. D. Minn. LR 12.1(c)(2).

12. Any Notice of Intent to Call Witnesses shall be filed by **November 1, 2022**. D. Minn. LR. 12.1(c)(3)(A).

13. Any Responsive Notice of Intent to Call Witnesses shall be filed by **November 4, 2022**. D. Minn. LR 12.1(c)(3)(B).

14. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

    a. The government makes timely disclosures and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

6

  b. Oral argument is requested by either party in its motion, objection or response pleadings.

15. **If required, the motions hearing shall take place before the undersigned on November 14, 2022, at 1:30 p.m., in Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.** D. Minn. LR 12.1(d).

16. **TRIAL:**

  a. **IF NO PRETRIAL MOTIONS ARE FILED BY A DEFENDANT, the following trial and trial-related dates are:**

All voir dire questions and jury instructions and trial related motions (including motions in limine) must be submitted to District Judge Susan Richard Nelson on or before ***a date to be determined.***

This case must commence trial on ***a date to be determined*** before District Judge Nelson in Courtroom 7B, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, **SAINT PAUL**, Minnesota.

[*Continued on next page.*]

      b. **IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Nelson to confirm the new trial date.**

Dated: September __12__, 2022            *s/Tony N. Leung*
                                                        Tony N. Leung
                                                        United States Magistrate Judge
                                                        District of Minnesota

                                                        *United States v. Dobbelaere, et al.*
                                                        Case No. 22-cr-186 (SRN/TNL)